## MANDLER v. STARKS *et al.*

No. 2571.   Opinion Filed April 15, 1913.

(131 Pac. 912.)

EVIDENCE—Parol Evidence—Written Contract.  In an action of cove-
nant, the deed governs, and parol evidence is inadmissible to show
that at the time of the execution and delivery of the deed, con-
taining a covenant against all ''incumbrances of whatsoever na-
ture,'' the grantee agreed to take the land subject to an out-
standing lease, since such evidence would vary the covenant and
exclude from the operation of its terms that which was not so
before.

(Syllabus by the Court.)

*Error from District Court, Bryan County;*
*Jas. R. Armstrong, Judge.*

Action by Charles W. Mandler against Josephine Starks and
others.  Judgment for defendants, and plaintiff brings erorr.  Re-
versed.

*W. C. Franklin* and *P. J. Carey,* for plaintiff in error.

*Utterback, Hayes & MacDonald,* for defendants in error.

TURNER, J.  On January 18, 1909, Chas. W. Mandler,
plaintiff in error, sued Josephine Starks, defendant in error, and
others in the district court of Bryan county.  The petition sub-
stantially states that on July 27, 1908, defendant and her husband,
for value, made, executed, and delivered to plaintiff a warranty
deed to a certain tract of land situated in said county, in which
they covenanted to warrant the title thereto, and that the same
was "clear and discharged of and from all former grants, charges,
taxes, incumbrances of whatsoever nature."  The petition further
alleged a breach thereof to be that at that time there was outstand-
ing upon said land a lease by the grantors to one J. L. Hull and also
an oil and gas lease to the Saginaw Oil & Gas Company, both
duly recorded; that thereafter, pursuant to agreement with the
Starks and their codefendants, plaintiff deposited with defendant

the First National Bank of Bennington, Okla., $352.50, the balance of the purchase money which plaintiff would owe defendant if the land had been free and clear as warranted; that the same was deposited pursuant to agreement with said bank to be used in the extinguishment of said leases, but the same had never been done, and that the value of the premises, which are in possession of Hull who holds the same under said lease, is of the reasonable rental value of $150 a year for the five years of his lease. Wherefore, plaintiff prayed $600 damages and $100 attorney's fee. All of the other defendants having been eliminated from the litigation, for answer Josephine Starks in effect pleaded a general denial, stood upon her deed, and prayed judgment against plaintiff for the $352.50 deposited with the bank. After reply filed, there was trial to a jury and verdict and judgment for defendant, and plaintiff brings the case here. There is no dispute as to the facts. The deed recites that it was given on July 27, 1909, by defendant and her husband to the plaintiff for and "in consideration of the sum of $1 and other valuable considerations," and contains the general covenant against incumbrances, *supra*.

It is conceded that the leases pleaded were outstanding against the property at the time of the execution and delivery of the deed, and that the amount paid for the land and tendered, as stated, was $1,000. To escape liability defendant, over objection, was permitted to prove in substance that at the time of the execution of the deed she stated to plaintiff's agent that there was a lease on the land for five years, and for that reason she did not want to sell it; and that, after replying that he did not know what to do about it, the agent consulted plaintiff over the telephone, and then said he would take the land. "I says, 'Understand, with the lease on it,' and he says, 'Yes,'" and that thereupon she signed the deed.

It is contended that whether or not the court erred in instructing the jury to return a verdict for defendant for $352.50, with interest, turns upon the question of the admissibility of this evidence. On the part of plaintiff it is urged that the same was inadmissible, because, he says, the same varied the terms of the

written warranty, in that it tended to show that he had agreed to take the land subject to said outstanding leases, as held by the court. On' the other hand, while it is admitted that parol evidence is not admissible to vary the terms of the covenant against incumbrances, yet it is urged that, as the deed recites the consideration to be "the sum of one dollar and other valuable considerations," this parol evidence was admissible to show the true consideration of the deed and involved no contradiction of the deed which evidenced upon its face that the "other considerations" rested in parol. As the covenant in the deed against incumbrances does not except these leases from the operation of its terms, to except them by parol evidence would be to permit such evidence to contradict the terms of the deed. In *Bever v. North*, 107 Ind. at page 546, 8 N. E. at page 578, the court, speaking to the rule that a grantor cannot contradict the terms of his deed by parol, said:

"There is, it is true, an exception to this general rule, as well established as the rule itself, and that exception is that parol evidence is admissible to prove the true consideration of a deed, except, perhaps, where the deed itself states the consideration fully and specifically. *Hays v. Peck* [107 Ind. 389, 8 N. E. 274]; *McDill v. Gunn*, 43 Ind. 315; *Carver v. Louthain*, 38 Ind. 530; *Pitman v. Conner*, 27 Ind. 337; *Allen v. Lee*, 1 Ind. 58 [48 Am. Dec. 352]. But the exception to the general rule does not permit the introduction of parol evidence to defeat the operation of the deed by rendering nugatory the words of conveyance which it contains, and a grantor cannot, under the guise of proving the consideration of a deed, prove that it was not to operate as a conveyance. To allow this to be done would be to render ineffective one of the most important parts of the deed; it would, in truth, be to permit the utter destruction of the deed as an instrument of conveyance. This the law will not allow. The principle which governs this case was thus stated by the court in *Beach v. Packard,* 10 Vt. 96 [33 Am. Dec. 185] : 'Parol evidence cannot be admitted to vary, contradict, add to, or control a deed or written contract. The deed of bargain and sale, between these parties, had for its object the conveyance of certain land; and the extent of the land conveyed, the parties thereto, the estate conveyed thereby, and the covenants attending it, could not be affected by parol proof; and even the part, which relates to the consideration, or the payment thereof, could not be contradicted

or varied by parol, so as in any way to affect the purpose of the deed; that is, its operation as a conveyance.'"

Assuming the probative force of the evidence offered to be sufficient, if admissible, to prove that the vendee accepted the conveyance subject to the leases, the effect thereof, if admitted in evidence, would be no other than to prove that the parties to the deed, contemporary thereto, agreed in parol that these incumbrances should be excepted from the operation of the covenant. This, we repeat, would vary the terms of the deed, and for that reason was inadmissible.

In *Johnson v. Elmen*, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845, the court said:

"The cases in which the question of the admissibility of parol evidence to affect a covenant against incumbrances in a deed conveying land arises may be divided into three classes. In many cases it has been sought to show that one or more incumbrances were known to the covenantee, and to exclude such from the operation of the covenant. But it is held, certainly by the great weight of authority, that this cannot be done. * * * In other cases it has been held that parol evidence cannot be admitted to show merely that the parties orally agreed that a certain incumbrance should be excepted from the operation of the covenant. To admit such evidence is to violate the familiar rule that parol evidence is not admissible to vary the terms of a written contract. So far, the courts are in practical accord."

2 Devlin on Real Estate, sec. 914, says:

"It is a well-settled rule that parol evidence is inadmissible to contradict a written contract. Accordingly, where it is intended by the parties that a certain incumbrance is to be excluded from the general operation of the covenant, such fact should be mentioned in the deed. When both parties are cognizant of incumbrances existing on the land to be conveyed, this covenant is frequently made and accepted. The grantor may intend to discharge them from the purchase money, or to remove them at some future period, and the purchaser has a right to rely on the language of the covenant. In some states parol evidence is admissible to show that the plaintiff at the time of the execution of the deed agreed himself to discharge the incumbrance. * * * But, while the rule is not universal, it is generally held that, aside from the question of fraud or mistake, parol evidence is not admissible to show that a covenant against incumbrances, where

no exception is contained in the deed itself, was not intended by the parties to apply to a particular incumbrance. *    *    *"

*Van Wagner v. Van Nostrand,* 19 Iowa, 422, was an action by the plaintiff, the assignee of one Lawrence, against defendant on a covenant against incumbrances in a deed for real estate made by Van Nostrand to Lawrence. For breach thereof it was assigned, in substance, that at the date of the execution of the deed one Wennell was in possession of the premises as a tenant under an unexpired lease from defendant, and that he had so remained some months, during which time defendant received and collected rent therefor. For further breach it was assigned that during his tenancy, by agreement with defendant, the tenant built a stable thereon with the right to remove it; that the building was upon the premises at the date of the execution of the deed, and was removed by him during the life of the lease. After answer filed there was trial to the jury and judgment for defendant. On review, after holding that a breach existed in the covenant against incumbrances contained in the deed, the court said:

"According to the weight of authority, it is no less a breach if it be assumed that the plaintiff or covenantee knew at the time of the conveyance that the stable was the property of the tenant, and that the latter had the right of removal. For in an action of covenant the deed governs; and in such an action, by grantee against grantor, the latter cannot, in order to defeat the operation of the covenant, establish by parol the grantee's knowledge of an incumbrance or defect in the title, or by parol ingraft upon the deed exceptions and reservations not therein mentioned. *Wickersham v. Orr,* 9 Iowa, 253 [74 Am. Dec. 348]; *Harlow v. Thomas* (Strong case) 15 Pick. [Mass.] 66, 1833, approving *Townsend v. Weld,* 8 Mass. 146, 1811; *Mott v. Palmer,* 1 N. Y. 574, per Bronson, J.; *Collingwood v. Irvin,* 3 Watts [Pa.] 306, 1834; 1 Greenl. Ev. 275; 2 Cox & H. notes, Phil. Ev. 467; and see other authorities cited, and question discussed by Rawle on Cov. 149-154."

In *Edwards v. Clark et al.,* 83 Mich. 246, 47 N. W. 112, 10 L. R. A. 659, the first section of the syllabus reads:

"An outstanding lease is a breach of a covenant in a deed of the property against 'all incumbrances whatever,' where no exception of such lease is stipulated for in the deed; it cannot be

shown by parol that the lease was in fact regarded by the parties as no incumbrance."

In *Grice v. Scarborough*, 2 Speers [S. C.] 649, 42 Am. Dec. 391, in the syllabus it is said:.

"Where the grantor of a tract of land covenants against all incumbrances, it cannot be shown by parol that he did not warrant against a particular incumbrance; therefore, a plea averring the plaintiff had notice of the outstanding lease was no bar to the action, and a general demurrer thereto should have been sustained."

And in the opinion:

"On the question of the insufficiency of the defendant's plea, I think there can be no doubt. The contract is in writing. Parol evidence cannot be received to explain that the parties intended to add or subtract anything from it. It would be to make a new contract, where the grantor covenants against all incumbrances, to show by parol that he did not warrant against a particular incumbrance. And that, I suppose, is the inference to be drawn from the alleged notice. The very object of the covenant may have been to compel the seller to extinguish the incumbrance, that the purchaser might have the full possession and enjoyment of the premises. I am therefore of the opinion, the breach is well assigned in the declaration, that the defendant's plea is no bar, and that the demurrer should have been sustained."

See, also, *McGee v. Dwyer Ex'x, etc.*, 22 Tex. 436; *Bigham et al. v. Bigham*, 57 Tex. 238; *Townsend v. Weld*, 8 Mass. 146; *Spurr v. Andrew*, 6 Allen (Mass.) 420; *Harlow v. Thomas*, 15 Pick. (Mass.) 66; *Long v. Moler*, 5 Ohio St. 272; and *Batchelder v. Sturgis et al.*, 3 Cush. (Mass.) 201.

We are therefore of the opinion that, as the force of the evidence admitted rendered nugatory the covenant against incumbrances attending the conveyance and excepted from the operation of its terms the leases outstanding against the land at the time of its execution and delivery, the same was inadmissible, and for that reason the judgment of the trial court should be reversed.

In so holding we are not unmindful of those cases which hold that parol evidence is admissible to prove, where as here, the same is not fully stated, the true consideration of the deed, and, where such evidence does not contradict or vary the cove-

nants contained ·in the deed, that the grantee himself agreed to discharge the incumbrance as part of the consideration for the land conveyed as in *Johnson v. Elmen, supra,* and cases cited. 11 Cyc. 1155. Of such it is sufficient to say that the law there announced has no application to the facts in this case, for the reason that here the leases are incapable of extinguishment by payment, and, besides, such evidence varies the covenant, and excludes from the operation of its terms that which was not so before. Upon the reformation of this deed we express no opinion. Reversed.

HAYES, C. J., and KANE and DUNN, JJ., concur: WILLIAMS, J., absent, and not participating.