## OKLAHOMA UNION RY. CO. v. MATHEWS et al.

No. 11509—Opinion Filed May 15, 1923.

Rehearing Denied July 24, 1923.

**1. Deeds—Reformation—Evidence.**

In a proper case, a deed and contract for the sale of real estate may be reformed and modified so as to include property not described in the written contract, but intended to be included, and omitted through the fraud or mutual mistake of the parties to the agreement. But where no fraud or mutual mistake is alleged or proven, and the contract is admitted to be clear and unambiguous, it is not error for the trial court to refuse to permit the introduction of evidence of prior and contemporaneous oral representations for the purpose of changing identity of the real estate described in the deed and including other real estate not described.

**2. Same—Action for Purchase Price—Direct Verdict.**

The evidence of the defendant examined, and excluding from consideration all other

evidence and giving the defendant the benefit alone of his evidence and of all inferences that may be logically drawn therefrom, found that the trial court committed no reversible error in directing a verdict for the plaintiffs.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Creek County: Mark L. Bozarth, Judge.

Action by Della Mathews and Sam Mathews against the Oklahoma Union Railway Company to recover a money judgment. Judgment for the plaintiss, and defendant brings error. Affirmed.

Biddison & Campbell, for plaintiff in error.

Ellinghausen & Ellinghausen, for defendants in error.

Opinion by FOSTER, C. This was an action commenced in the district court of Creek county, Oklahoma, by defendants in error, Della Mathews and Sam Mathews, plaintiffs below, against the plaintiff in error, Oklahoma Union Railway Company, a corporation, defendant below, to recover the sum of $2,500, alleged to be due under the terms of a written contract for the sale of part of lots 4, 5, and 6, in block 34, of the original townsite of Sapulpa, Creek county, Oklahoma. As 'a matter of convenience, the parties will be hereinafter referred to as they were designated in the trial court.

On the 13th day of October, 1917, the contract was executed, and it provided that a warranty deed, conveying said property, duly signed and acknowledged by the plaintiffs, should be deposited with the contract in the American National Bank of Sapulpa, Okla., and that the defendant should pay the sum of $6,500 for said property, provided the plaintiffs could show a good title thereto. It was further provided that if the plaintiffs were not able to show complete title to all of said property by November 1, 1917, the defendant railway company should, nevertheless, have a right to take up said deed by paying the sum of $2,300 (which amount added to the sum of $1,700 paid when the contract was executed, amounted in all to $4,000, the balance of the purchase price in the sum of $2,500 to be paid whenever the plaintiffs could show good title to the property.

On the first day of November, 1917, the deed was duly delivered to the defendant railway company, possession taken of the property, and on the 15th day of April, 1918, the further sum of $2,300 was paid. leaving a balance of $2,500 unpaid.

On the 25th day of January, 1919, a petition was filed by the plaintiffs in the district court of Creek county, Okla., seeking to recover on said contract a balance of $2,500 alleged to be due them as purchase money. together with interest thereon, at the rate of six per cent. per annum, from the first day of November, 1917. The petition alleged the execution of the contract, set out the contract in full, alleged the delivery of the deed, acknowledged payment of the sum of $4,000, and demanded judgment for $2,500, representing the balance claimed as purchase money. It further alleged that plaintiffs had furnished an abstract showing clear title to said property, and that defendant, though in the quiet and peaceable possession of said property, failed, refused and neglected to pay the balance due as purchase price.

To the petition of plaintiffs the defendant filed its answer on the 24th day of September, 1919, admitting the execution of the contract and deed set out in the petition of the plaintiffs, but denying any liability whatever in any sum, and set up as a defense that there was omitted from the description of the real estate intended to be conveyed by said deed a substantial part thereof, and that by reason of such omission, there was no consideration to support any promise to pay the sum of $2,500 or any other sum of money.

The answer further alleged that prior to and contemporaneous with the execution of the contract it was represented to it by plaintiffs that they were the owners of a strip of land lying west of the boundary line, described in the deed and contract, extending to the right of way of the St. Louis-San Francisco Railway Company, and that the eastern boundary line of said right of way formed the western boundary line of the land which plaintiffs were conveying, and that upon discovering that this strip of land had not been included in the deed, it demanded that plaintiffs convey title to said strip of land to it, which they refused and still refuse to do, and that it stands ready and willing to pay the full amount as soon as the full title has been conveyed.

The cause was tried to a jury in the district court of Creek county on the 25th day of September, 1919. The deed introduced in evidence on the part of plaintiffs to the defendant contained, among other things, the following description of the property conveyed:

"All that part of lots 4, 5, and 6 of block 34, of the original townsite of Sapulpa,

Creek county, Oklahoma, lying west of a line beginning at a point on the north line of lot 4, which is 5.3 feet west of the northeast corner of said lot 4, and extending in a straight line to a point on the south line of lot 6, which is 61.4 feet west of the southeast corner of lot 6 of block 34 aforesaid."

The evidence of the plaintiff further showed that said deed was filed for record on April 25, 1918, and duly recorded in Book 183, at page 64, in the office of the county clerk of Creek county, Okla. The evidence on behalf of plaintiff further showed that an abstract of title had been furnished by plaintiffs to the defendant's attorneys, examined by them, and approved.

Mr. Crowe, one of the witnesses for defendant, testified that he had received information that a strip of land lying between the lots conveyed and the right of way of the Frisco Railway Company was a vacated public street of the city of Sapulpa, Okla., but there is no intimation anywhere in the evidence that he received this information from his attorneys who approved the title.

At the trial, the defendant railway company offered to prove by Mr. Crowe of the defendant railway company and Sam Mathews that prior to and contemporaneous with the execution of the contract in question, the plaintiff, Sam Mathews, represented that the strip of land between lots 4, 5, and 6, in block 34, and the St. Louis-San Francisco Railway Company right of way was intended to be included in the deed, and that Sam Mathews, at the time, pointed out said strip as being owned by him. The court refused to permit the introduction of this evidence, to which action of the court the defendant excepted. At the conclusion of the trial, the plaintiffs moved the court to direct a verdict for the plaintiffs, which motion the court sustained, and the defendant excepted.

A verdict and judgment was entered in favor of the plaintiff for $2,500 and the defendant prosecutes its appeal to this court, and assigns errors, as follows:

"First. The court erred in overruling plaintiff in error's motion for a new trial.

"Second. The court erred in refusing to permit the plaintiff in error to prove by defendant in error, Sam Mathews, that he represented to the plaintiff in error at the time the contract was made, that he owned the land between the original lot lines and the Frisco right of way, and that said land had been a street which had been vacated by the city of Sapulpa.

"Third. The court erred in refusing to permit plaintiff in error to prove by Mr. Crowe the contention of Mr. Crowe as to the representations by Mr. Mathews of the land

included in lots 4, 5, and 6, and of his afterwards ascertaining that a portion of this land which he thought he bought was a vacated street and that Mathews' title was not good.

"Fourth. The court erred in instructing the jury to return a verdict for the plaintiff instead of submitting the question of fact to the jury."

The first three assignments of error may be considered and disposed of together. It is not the contention of plaintiff in error that it did not get the portion of the lots platted according to the plat of the city of Sapulpa, or that there is anything uncertain or ambiguous about the description of the property contained in its deed. In other words, it is not contended by defendant that all of the property described in its deed did not pass to it, but that other property which it intended to buy was omitted entirely from the description, and that because of this omission, the consideration failed and it did not receive a fair equivalent of the purchase price provided for in the contract.

In a proper case a deed and contract for the sale of real estate may be reformed and modified so as to include property not described in the written contract, but intended to be included, and omitted through the fraud or mutual mistake of some of the parties to the agreement. But in the case at bar, where no fraud or mistake is alleged or proven, and the contract is admitted to be clear and unambiguous, the trial court committed no error in our judgment, in refusing to permit the introduction of evidence of prior and contemporaneous oral representations of the plaintiff for the purpose of changing the identity of the subject-matter of the sale as described in the deed.

In Colonial Jewelry Co. v. Bridges, 43 Okla. 813, 144 Pac. 577, it is held as follows:

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of facts, and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and make a part of the written contract."

In the case of Beach v. Packard, 33 Am. Dec. 185, the Supreme Court of Vermont says:

"Parol evidence cannot be admitted to vary, contradict, add to, or control a deed or written contract. The deed of bargain and sale between these parties had for its object the conveyence of certain land; and

the extent of the land conveyed, the parties thereto, the estate conveyed thereby, and the covenants attending it, could not be affected by parol proof."

This principle is quoted with approval by the Oklahoma Supreme Court in the case of Mandler v. Starks et al., 35 Okla. 809, 131 Pac. 912, where it is held in the syllabus:

"In an action of covenant, the deed governs, and parol evidence is inadmissible to show that at the time of the execution and delivery of the deed, containing a covenant against all 'incumbrances of whatsoever nature', the grantee agreed to take the land subject to an outstanding lease, since such evidence would vary the covenant and exclude from the operation of its terms that which was not so before."

We are therefore of the opinion that the trial court committed no reversible error in refusing to permit the defendant to show, by the witnesses Mr. Crowe and Sam Mathews, that other property than that described was intended to be conveyed by the deed of the plaintiffs to the defendant.

The defendant next complained that the co rt erred in sustaining the motion of the plaintiffs for a directed verdict. We cannot agree with counsel for defendant railway company that any logical inference may be drawn from the testimony of Sam Mathews of an intention to convey all the land up to the easterly limits of the Frisco riht of way, We have closely scrutinized his testimony and it amounts to nothing more than that he was conveying all of his right, title and interest in lots 4, 5, and 6, in block 34, including such rights as he might have as an abutting property owner in a vacated street. In other words, there is nothing in Sam Mathews' testimony inconsistent with such title as was conveyed by his deed. The record clearly shows that plaintiffs' counsel were at all times extremely vigilant in keeping out of the record any testimony inconsistent with the character of title conveyed by the deed, and we have already found that in this the trial court committed no error.

There is nothing in the testimony of Mr. Crowe, that was admitted by the court, which was in any way inconsistent with the written contract and deed.

Leaving for consideration only such evidence of the defendant as is favorable to it, we cannot find that the trial court committed reversible error in directing a verdict for the plaintiffs.

The judgment of the trial court is affirmed.

By the Co rt: It is so ordered.