## BELL MOTOR CO. v. HARP.

No. 14349—Opinion Filed March 18, 1924.

**1. Contracts—Oral Negotiations Superseded by Writing.**

The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of facts.

**2. Fraud—Failure of Evidence.**

Record in the instant case examined, and held, that no proof of positive or actionable fraud is shown by the evidence introduced, and that the trial court erred in not directing the jury to return a verdict in favor of defendant upon the evidence.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by Jesse A. Harp against the Bell Motor Company for damages. From a judgment for plaintiff, defendant brings error. Reversed.

F. W. Church, for plaintiff in error.

Jesse A. Harp, for defendant in error.

Opinion by FOSTER, C. This was an action to recover damages for fraud and deceit by Jesse A. Harp, defendant in error, plaintiff below, against the Bell Motor Company, a corporation, plaintiff in error, defendant below, alleged to have been practiced by plaintiff in error in the sale of an automobile.

The parties will be hereinafter referred to as they appear in the court below.

It was alleged by the plaintiff in his amended petition that he was induced to sign a contract for the purchase of a Studebaker car by the false and fraudulent conduct and representations of the defendant, and to execute a chattel mortgage upon the car to secure the purchase price of $1,450, all of which had been paid except $270, which he alleged should be credited upon the damage in the sum of $712 sustained by him on account of the false and fraudulent conduct of the defendant.

It was alleged that the defendant fraudulently and falsely represented that the automobile had been driven only 10,800 miles; that the car was in good condition, and that plaintiff would not have any trouble with the said car for at least 90 days from the date of the contract which was dated June 17, 1920; that as a matter of fact said car had been driven approximately 30,000 miles; was worn out and contained many latent defects, all of which was known to the defendant and unknown to the plaintiff.

A copy of the contract referred to is attached to the petition and made a part thereof.

Defendant in its answer admitted the execution of the written contract by the plaintiff as set forth and attached to the petition of plaintiff; denied any false or fraudulent conduct in the procurement of said contract; that plaintiff had failed to comply with the terms of said contract, and that there was due and owing it from the plaintiff upon the purchase price the sum of $270, for which it demanded judgment, together with the sum of $1.85 protest fees on a certain protested check, and the further sum of $100 as attorneys fees; that its mortgage be foreclosed and the property sold to apply on its indebtedness as provided by law.

It further pleaded that plaintiff was estopped to claim damages for the fraud and deceit alleged by reason of his conduct in performing and carrying out the contract after he became aware of the alleged fraudulent conduct of the defendant. The plaintiff filed a reply in the nature of a denial of the new matter alleged in the answer of the defendant and the cause proceeded to trial before the court and a jury which resulted in a verdict in favor of the plaintiff for the sum of $20, and for the cancellation of the $270 balance unpaid upon the original indebtedness.

Motion for a new trial was filed and overruled, exceptions allowed, and the defendant brings the cause regularly on appeal to this court on petition in error and case-made.

A demurrer was interposed by the defendant to the evidence of the plaintiff at the conclusion of plaintiff's evidence which was overruled.

It is seriously urged that the evidence did not support the verdict of the jury, and that the court erred in refusing to instruct a verdict for the defendant at the close of all the evidence.

It stands admitted on this record that a written contract was entered into by the parties for the purchase of the automobile in question on the 17th day of June, 1920. It is contended by the plaintiff, however, that this contract is void and not binding

upon him for the reason that he was induced to enter into it by the fraudulent acts and conduct of the defendant, and that therefore his rights are not to be measured by its terms, but he has a right to rely upon certain alleged oral false representations and statements made by the defendant to him at the time of the transaction by which he was induced to purchase the car.

It is undoubtedly a well-established rule of law that if a party has been induced to enter into a contract by the fraudulent conduct of another, the acts and conduct of such other party in inducing such party to enter into the contract will not so far merge into the written contract as to defeat liability in an action for fraud and deceit in the procurement of the contract; but it is equally well settled that if the contract was procured without fraud and was executed voluntarily with full knowledge of the terms and conditions thereof, all oral statements and representations prior to and contemporaneous with the execution of such contract are merged in the written contract and no action for fraud and deceit in the procurement of the contract can be maintained.

We have carefully reviewed the evidence in the case at bar and we fail to find anything from which it can be inferred that the plaintiff was overreached or imposed upon in any manner by the defendant in the execution of the written contract whereby plaintiff purchased the automobile. On the other hand, the evidence is clear that the plaintiff was a lawyer of experience, well able to read and understand the purport of the written contract involved, and that he was so practiced in the particular terms of the contract in dispute that he knew its purport without actually reading it. Nor is there anything in the evidence from which it can be inferred that the defendant misrepresented the contents of the contract. Whatever oral representation the defendant may have made to the plaintiff at or prior to the time of the execution of the contract, it is clear to our minds he was not overreached or imposed upon in respect of any of the terms embodied in the contract itself.

If the plaintiff signed this contract voluntarily and without any misapprehension of the purport of the contract, it would follow as a necessary conclusion that he would be bound thereby.

The plaintiff testified that he knew he was purchasing a used car; that the defendant represented to him that the automobile had been driven only about 10,000 miles; that it was in good condition, and that he would not have any trouble with it for at least 90 days from the date of the contract.

In the absence of any proof that the plaintiff was prevented in some manner from reading and understanding the purport of the contract signed, we do not perceive in these statements, standing alone, anything materially inconsistent with the contract itself. Certainly we can perceive nothing in these statements which would amount to positive fraud in the procurement of the contract. If these statements were inconsistent with the contract and should have been embodied therein, plaintiff knowing the contents and purport of the contract should have called attention to their omission.

However, the contract itself was for the sale of a used car and contained a warranty for the replacement of defective parts, free of cost, within 90 days to the purchaser, and for certain repairs and labor, free of cost, and we can find nothing in the representation which it is claimed the defendant made that the plaintiff would have no trouble with the car for 90 days that was not substantially covered by the contract itself, or that there was anything in these statements, standing alone, which could give rise to an action against the defendant independently of the contract.

If, as contended by plaintiff, the defendant knew that the car was worn out at the time it was sold to the plaintiff, it seems to us that he assumed full responsibility for this condition by virtue of the terms of the contract entered into, which provided for the replacement and repair of defective parts within 90 days, and that therefore this alleged representation was in fact merged into the written contract which superseded all oral negotiations leading up to it.

In Colonial Jewelry Co. v. Bridges, 43 Okla. 813, 144 Pac. 577, it is said:

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or the mistake of facts, and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract."

See, also, Oklahoma Union Railway Co. v. Della Mathews et al., 91 Okla. 266, 217 Pac. 458.

Our conclusion is that the written contract introduced in evidence and admitted by both parties supersedes all of the oral statements and representations concerning the terms thereof, and that the plaintiff is not entitled to recover.

An examination of the evidence fails to disclose any proof of positive or actionable fraud independent of the contract upon which to base a recovery. We therefore conclude that the trial court erred in not directing the jury to return a verdict in favor of the defendant upon the evidence.

It follows that the judgment of the trial court should be reversed, and the cause remanded, with directions to dismiss plaintiff's petition.

By the Court: It is so ordered.