# NORRIS v. RICHARDS.

No. 15032—Opinion Filed Jan. 6, 1925.

## 1. Contracts—Oral Negotiations Superseded by Writing.

The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument in the absence of accident, fraud, or mistake of facts.

## 2. Same—Action—Proof.

In an action to recover for the alleged breach of a written contract, where the written contract relied upon and pleaded by the plaintiff and shown to be in his possession is not introduced in evidence, a recovery may not be predicated upon a breach of some contemporaneous oral agreement concerning the written contract which preceded or accompanied the execution of the written agreement in the absence of allegations and proof of accident, fraud, or mistake of facts.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from Court of Common Pleas of Tulsa County; R. D. Hudson, Judge.

Action by W. B. Richards against W. C. Norris, doing business as W. C. Norris' Motor Sales Company, to recover a money judgment. Judgment for plaintiff, and defendant brings error. Reversed.

C. A. Steele, W. A. Daugherty, and E. D. Brewer, for plaintiff in error.

J. W. Simpson and W. B. Richards, for defendant in error.

Opinion by FOSTER, C.    In this case, W. C. Norris, plaintiff in error, defendant below, appeals from an adverse judgment of the court of common pleas in Tulsa county in an action wherein the defendant in error sought to recover the sum of $200, for breach of a contract. The action originated before a justice of the peace of Tulsa county. Judgment was rendered in the justice court in favor of the defendant in error and the plaintiff in error appealed to the district court of Tulsa county where an order was subsequently made transferring the cause to the court of common pleas of Tulsa county.

Parties will be hereinafter referred to as they appeared in the trial court.

In his bill of particulars, the plaintiff alleged that on the 7th day of August, 1919, he entered into a written contract with the defendant whereby he paid the defendant the sum of $200 on the purchase price of a certain automobile, which contract had been breached by the defendant in that he had failed to fulfill the terms of said contract and failed to deliver plaintiff the automobile, whereby he became liable for the return of the said sum of $200 with interest at the rate of 6% from August 7, 1919.

It was further recited in the bill of particulars that a copy of the contract was attached thereto as a part thereof, but an examination of the bill of particulars incorporated in the record before us fails to show said contract.

The answer of the defendant was a gen-

eral denial, and a cross-petition claiming damages in the sum of $250 by reason of a breach of the contract by the plaintiff in that he failed to pay the amount which he agreed to pay in the contract whereby the defendant was compelled to dispose of the automobile at a loss to his damage in the sum of $250.

A jury was waived and the cause was tried to the court. At the conclusion of plaintiff's evidence, a demurrer thereto was interposed by the defendant and overruled, exceptions allowed; whereupon the defendant rested his case, and the court thereupon rendered judgment in favor of the plaintiff for the amount sued for. Motion for a new trial was filed and overruled, exceptions allowed, and the matter comes on regularly to be heard in this court on appeal by the defendant.

Several errors have been assigned and several propositions are discussed by the defendant in his brief as grounds for a reversal but the only proposition raised which in our view of the case possesses substantial merit is that the judgment of the trial court was based upon evidence which was improperly admitted under the issues raised by the pleadings in the case.

As before intimated the written contract is not before this court. The plaintiff did not choose to introduce the contract, which he had pleaded, in evidence, although it was shown to have been in possession of plaintiff during the progress of the trial and identified by him as the identical contract which he entered into with the defendant, with the exception of certain unimportant additions noted by him at the time.

After inspecting this contract, it is apparent that the plaintiff chose to rest his right to a recovery, not upon a breach of any warranty or agreement to repair, contained in the written contract, but upon an oral warranty which he claims was entered into prior to and contemporaneous with the execution of the written agreement.

It was not alleged in the bill of particulars nor shown in the evidence that the plaintiff was induced to enter into the written agreement by reason of any fraudulent conduct or representation on the part of the defendant which could give rise to an action for fraud and deceit independently of the contract, and which might operate to make the defendant liable to the plaintiff, notwithstanding the written agreement.

It is undoubtedly a well established rule of law that the execution of a contract in writing supersedes all oral negotiations or stipulations concerning its terms and sub-

ject-matter which preceded or accompanied the execution of the instrument in the absence of fraud or mistake of facts. Bell Motor Company v. Harp, 98 Okla. 122, 224 Pac. 343.

Having pleaded and relied upon a written contract, which contract in view of plaintiff's conduct in failing to introduce the same in evidence must not have contained any warranty or agreement to repair the automobile, plaintiff would necessarily be limited to a recovery for such damages as resulted from a breach of the written contract alleged by him in his petition, and not a recovery for such damages as might result from a breach of a contemporaneous oral agreement, unless it can be said in view of a failure by the defendant to object to the introduction of evidence of such oral agreement, the pleadings can be regarded as amended to conform to the evidence introduced.

The record clearly shows, however, that the defendant objected to this evidence, upon the ground that it was not within the issues raised by the pleadings in the case, his objections overruled, and exceptions reserved in each instance. There does not seem to be any escape from the conclusion that the only breach alleged by the plaintiff, upon which he would be entitled to introduce evidence, was the failure to deliver the car, and the plaintiff admits that he received the car and kept it two or three days.

If there was a breach by the defendant of a provision in the contract to repair the car and put the same in mechanical condition, this obligation by the defendant could only be made to appear by the written contract itself, which contract the plaintiff has not seen fit to introduce in evidence.

If the plaintiff was damaged in the amount claimed, by reason of any fraudulent or unlawful conduct by the defendant in the procurement of the contract, that fact should have been made to appear in the pleadings or the evidence in some form.

We think the judgment of the trial court was based upon evidence in no way responsive to the issues presented by the pleadings in the case, and that the trial court should have sustained the demurrer interposed by the defendant to the evidence of the plaintiff at the conclusion of plaintiff's case. Entertaining these views the cause is hereby reversed and remanded to the trial court with directions to grant a new trial.

By the Court: It is so ordered.

Note.—See under (1, 2) 13 C. J. p. 597.