## Wright and another vs. Allen.

(1.) Mechanic's Lien : *Petition, distinct from complaint, required.*
(2.) Attorney : *When required to make proof of authority.*

1. A complaint to enforce a mechanic's lien must show that a *petition* for such lien has been filed, and cannot itself serve as a substitute for such petition.
2. An affidavit of one of the plaintiffs in support of a motion to dismiss defendant's appeal, stated that defendant had absconded from the state; that affiant did not know and could not ascertain where he was, and did not believe any one else in the state knew; and that neither the person who employed defendant's attorneys, nor the attorneys themselves, had authority to appeal or to appear in the cause. *Held*, that this was hardly sufficient to make it necessary for attorneys of this court, appearing in a cause, to make proof of their authority; but in this case the authority was positively shown.

APPEAL from the Circuit Court for *Oconto* County. The plaintiffs obtained a judgment, first, adjudging that they recover of the defendant $123 damages, etc., for sundry building materials furnished by them and

used by him in the construction of a dwelling house; and secondly, declaring a lien in their favor upon said house, for the amount of the judgment, and directing a sale of the house, etc. From the second part of the judgment the defendant appealed. The plaintiffs moved to dismiss the appeal. The grounds of the appeal, and of the motion, will sufficiently appear from the opinion.

*E. H. Ellis & Hastings*, for appellant.

*E. S. Ingalls*, for respondent.

PAINE, J.    This action was brought to enforce a mechanic's lien, and a judgment for a lien was rendered. The appeal is only from that portion of it. The record is fatally defective for the purpose of sustaining such a judgment, in not showing that any petition for a lien was ever filed as the statute requires. *Dewey v. Fifield*, 2 Wis. 73; *Dean v. Wheeler*, id. 224.

It is not claimed that any petition for a lien was ever filed, unless the complaint in the action can be held to serve the purpose both of a petition and a complaint. This, we think, cannot be done. The statute evidently contemplates that the petition shall be a distinct and separate instrument from the complaint. It is to be filed merely for the purpose of preserving the lien. And it has been held by this court, in the cases above cited, that the complaint must allege that the petition has been filed, because the statute makes that fact a condition of the right to maintain the action. It would be too great an encroachment upon the obvious intention of the statute to say that the complaint, if filed within the time limited for the filing of the petition, and stating the necessary facts, can serve the purposes of both.

A motion was made to dismiss the appeal, founded upon an affidavit of one of the plaintiffs to the effect that the defendant had absconded from the state, and that the affiant did not know and could not ascertain

where he was, and did not believe that any one else in the state knew, and that he had reason to believe and did believe that neither the party who employed the attorneys, nor the attorneys themselves, had any authority from the defendant to take the appeal or appear in the case. The affidavit amounts to nothing more in substance than a statement that the one party does not believe that the attorneys appearing for the other party are authorized. This is hardly sufficient to make it necessary for an attorney of this court, appearing in a case, to offer proof of his authority. But if it were, it fully appeared by the papers submitted on the other side that the attorneys in this case were fully authorized.

There is no ground for dismissing the appeal; and so much of this judgment as is appealed from must be reversed.

*By the Court.*—Judgment reversed.