THEODORE STANISICS V. AMANDA E. MCMURTRY ET AL.

FILED MAY 21, 1902. No. 11,763.

Commissioner's opinion, Department No. 1.

Action: GRANTEE OF DEED: BREACH OF COVENANT: PAROL EVIDENCE: CONTEMPORANEOUS PAROL AGREEMENT: TAXES. In an action by a grantee of a deed against his grantor to recover for a breach of covenant against incumbrances, parol evidence is inadmissible to show that taxes were, by contemporaneous oral agreement, excepted from the terms of the deed.

ERROR from the district court for Lancaster county. Tried below before CORNISH, J.  Reversed.

Halleck F. Rose, Charles O. French, M. M. Alexander and Charles O. Whedon, for plaintiff in error.

Allen W. Field and Guy A. Andrews, contra.

DAY, C.

The plaintiff brought this action in the district court of Lancaster county against the defendants to recover for a breach of a covenant against incumbrances contained in a deed executed by the defendants to the plaintiff. The trial

resulted in a judgment for the defendants, to review which the plaintiff brings error to this court.

The record shows that on July 16, 1896, the defendants conveyed to the plaintiff by warranty deed certain real estate situated in the city of Lincoln, Nebraska. The deed contained the following covenant: "And we do hereby covenant with said Theodore Stanisics and his heirs and assigns that we are lawfully seized of said premises; that they are free from incumbrance, except taxes for the year 1896, and paving assessments for subsequent years; that we have good right and lawful authority to sell the same, and we do hereby covenant to warrant and defend the title to the said premises against the lawful claims of all persons whomsoever." The testimony is undisputed that at the date of the execution of the deed, certain taxes against the lands were unpaid which were valid and subsisting liens upon the premises, and that subsequent to the execution of the deed and prior to the commencement of this action, the plaintiff paid the said taxes for the years and in the amounts as shown by the following items:

County taxes for the year 1895.................$169 45
City taxes for the year 1895....................  93 25
Special assessment for street paving for the year
    1890 ............................ ................  13 45
Special assessment for street paving for the year
    1888 ....... ........... ........,.... .........  18 55
City taxes for the year 1893................... 295 00

The plaintiff alleged in his petition that he had been paid on account the sum of $276.75, leaving a balance unpaid in the sum of $308.45, for which, with interest, he prayed judgment. The defendants' answer alleged that the deed was made and delivered to the plaintiff with the understanding and agreement between the parties that, upon the payment by the defendants to the plaintiff of $300, that the plaintiff would immediately pay off and discharge all of the taxes due upon said lands; that defendants paid to the plaintiff the said sum of $300 in full performance of the agreement, and received from the plain-

tiff a receipt in writing, as follows: "Lincoln, Neb., July 20, 1896. Received of A. E. McMurtry amount of taxes on lot D and two feet of E. Theo. Stanisics." The answer also alleged that the defendants executed the deed and paid said sum of money, relying upon the agreement of the plaintiff to pay and discharge all of the taxes upon said property; that by reason of the premises the plaintiff is estopped to claim or demand any sum or sums from the defendant. The reply denied the making of the agreement alleged in the answer; denied the payment of $300; and alleged affirmatively that the amount paid by the defendants on account of the taxes was intended to cover certain specific items of taxes, which were then represented by the defendants to include all of the unpaid taxes assessed upon said premises; that the receipt mentioned in the answer was issued subsequent to the payment of said sum of money for the purpose of giving written testimony of the sum so paid; that the plaintiff had not learned at the time of giving said receipt that the city taxes for the year 1893 were unpaid, and relied upon the statement of the defendants that the sum paid by them to plaintiff was sufficient to pay off and discharge all taxes assessed against said lands. It also appears from the testimony that the plaintiff, immediately prior to the execution of the deed, had obtained from the city treasurer and the county treasurer a statement of the unpaid taxes due upon said premises. These statements disclosed that there was due and unpaid:

County taxes for 1895 .......................... $168 55
City taxes for 1895 ............................  89 65
Paving taxes, 11th street ......................  18 55
Paving assessments, M street ..................  12 70

By some mistake or inadvertence the city taxes for the year 1893, amounting to $295, were omitted from the statement, though at the time they were due and unpaid. When the parties met for the purpose of consummating their negotiations for the sale of the property, the statements above described were produced and the defendants then claimed that they had paid the item of paving taxes,

amounting to $12.70. This sum was accordingly deducted, leaving a balance of $276.75, which the defendants then paid to the plaintiff. Some months later the plaintiff discovered that the city taxes for 1893 had been omitted in the statement furnished by the city treasurer of the amount of taxes due upon the lands. The evidence of the defendants tended to show that, by agreement of the parties, the plaintiff was to receive $276.75 in full payment of all taxes due upon the premises. This agreement appears to have been cotemporaneous with and a part of the negotiations leading up to the execution of the deed, although the payment of the amount was not made until after the delivery of the deed. This testimony of the defendants was received over the objection of the plaintiff, and is one of the errors now complained of. We think the objection was well taken. It is an old and thoroughly established rule of evidence that parol testimony can not be received to contradict, vary, add to or subtract from the terms of a valid written instrument. This rule and the exceptions thereto are so thoroughly established, and so well recognized, as to need no authority to support it.

This principle was applied in the case of *McClure v. Campbell*, 25 Nebr., 57, involving the same features as the case now under consideration. That was an action to recover the amount of taxes paid by a vendee under a deed containing a covenant of warranty against incumbrances. The defendant admitted the amount of the taxes due, but alleged an oral agreement made with the plaintiff prior to the execution of the deed by the terms of which the plaintiff was to pay the taxes. The court, after citing sections of the statutes relating to the time when taxes become a lien upon real estate, said: "The defendant, therefore, would be liable for the taxes for the year 1882, independently of the covenants in his deed, unless there was an agreement on the part of the plaintiff to pay them, but a parol agreement on the part of the plaintiff, even if established, could not be used to contradict the covenant in the deed. What the effect might be in an action to reform

the deed, is not now before the court. Taxes upon real estate date from the first day of April of each year, and become an incumbrance upon the land from that time. A party, therefore, who desires to except the taxes from his covenant against incumbrances should do so in writing in the deed. It is very clear that parol evidence of what took place before the making of the deed is not admissible to contradict the covenants therein." It is also well established that when the parties to a contract have reduced it to writing the law presumes that all previous and cotemporaneous negotiations and conversations are merged into the contract, and it can not be varied by parol testimony. *Hamilton v. Thrall,* 7 Nebr., 210; *Dodge v. Kiene,* 28 Nebr., 216; *Watson v. Roode,* 30 Nebr., 264.

In *MacLeod v. Skiles,* 81 Mo., 595, 603, the court said, "This suit brings us to a consideration of the question whether it is competent for a party, as in this case, to accept a deed for real estate with an express covenant therein to warrant and defend the title thereof against the claim of every person whatsoever, save and except the taxes of 1877, and then turn around and show that the covenantor, by a cotemporaneous parol contract agreed to pay the taxes, thus expressly excepted by the written contract in the deed so accepted. It is elementary law that upon the execution, delivery, and acceptance of a deed, or written instrument, all prior or cotemporaneous parol stipulations are merged in the deed or writing and can not afterward be set up to contradict or vary the same. It is scarcely necessary to refer to elementary authority or adjudged cases to establish so plain and recognized a doctrine as this." *Long v. Moler,* 5 Ohio St., 271, 272; *Van Wagner v. Van Nostrand,* 19 Ia., 422; *Harlow v. Thomas,* 15 Pick. [Mass.], 66; *Gilbert v. Stockman,* 76 Wis., 62.

It was within the power of the parties at the time of entering into the contract to have engrafted into the covenant of the deed an exception of taxes, if such had been their intention. The parties may have had such an agreement resting in parol, but this we can not know, because

parol evidence is inadmissible to vary or contradict the plain provisions of the deed. What the effect might be in an action to reform the deed is not now before us. Other questions are discussed in the briefs, but, as we view it, the question above considered is decisive of the case.

We therefore recommend that the judgment of the district court be reversed and the cause remanded.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded.

REVERSED AND REMANDED.