PERRYMAN V. BROWN.

No. 279.     Opinion Filed November 9, 1909.

(105 Pac. 680.)

1. **REPLEVIN—Falsity of Affidavit—Attack by Motion.** Where, in an action of replevin, the falsity of the replevin affidavit is relied on by defendant to recover the property taken on a writ issued and based thereon, the issue cannot be raised by or on a motion, but by answer.

2. **REPLEVIN—Remedy of Defendant—Redelivery Bond.** A redelivery bond is the remedy afforded defendant by the statute to secure speedy relief where property is wrongfully seized in replevin.

(Syllabus by the Court.)

*Error from Okmulgee County Court; J. L. Newhouse, Judge.*

Action by Douglass Perryman against Kookey Brown. Judgment for defendant, and plaintiff brings error. Reversed.

*W. W. Momyer* and *Mont. M. Sharp,* for plaintiff in error. *G. E. Cassily,* for defendant in error.

DUNN, J. This action presents error from the county court of Okmulgee county. Plaintiff in error, as plaintiff, brought his action of replevin against the defendant in error, as defendant. An affidavit of replevin was filed in which plaintiff averred that the property mentioned was not taken in execution of any judgment or order against him. Whereupon a writ of replevin was issued, served, and the property delivered to plaintiff. Defendant filed motion and affidavit setting up that the affidavit of replevin

was not true, and that the property involved had in fact been taken from plaintiff in execution of judgment against the plaintiff in another court. On the hearing of this matter, the county court sustained the motion, quashed the writ, and discharged the property, and the plaintiff has brought the action to this court by petition in error and case-made, presenting here for our consideration the one proposition that the court erred in entertaining and sustaining defendant's motion and affidavit for the reason that the truthfulness of the affidavit for replevin cannot be attacked by motion. Counsel for neither party cite any authorities directly in point.

Section 153, art. 10, c. 66, par. 4351, Wilson's Rev. & Ann. St. 1903, provides that:

"A plaintiff, in an action to recover the possession of specific personal property, may, at the commencement of the suit, or at any time before answer, claim the immediate delivery of such property, as provided in this chapter."

This section is followed by one requiring plaintiff to file an affidavit in which certain averments must be made, and a bond with approved sureties is also provided for, whereupon a writ is issued and placed in the hands of an officer, and the property, unless defendant makes a redelivery bond which stands in its stead, is then placed in possession of plaintiff. The facts required by the statute to be averred in the affidavit must exist as facts, and must be true; but their truth or falsity are not necessarily issues in the cause. Wells on Replevin, § 658; *First National Bank of Pond Creek v. Cochran,* 17 Okla. 538, 87 Pac. 855. The fact that the property may not have been taken by virtue of any legal process against the plaintiff must exist as a fact, and in some sense must be established; but the affidavit being filed stating that the property was not so taken, and this statement going unchallenged by the defendant, will be presumed as a fact and taken as true. If it was so taken it devolves upon the defendant to show it affirmatively. *Hoisington v. Armstrong,* 22 Kan. 110; *Crawford v. Furlong,* 21 Kan. 698. But when and how may defendant show it affirmatively is the question here submitted. It would seem, from the language used by Justice Valentine in the

*Hoisington v. Armstrong Case, supra,* that it would be on answer and at the final trial, and with this we are inclined to agree.

In the first place, the plaintiff's claim to the property and his right to its possession is predicated upon the sanctity of an oath, and the statute provides (section 155, art. 10, c. 66, par. 4353, Wilson's Rev. & Ann. St. 1903) that the order of delivery shall be issued by the clerk only after there has been filed in his office by approved sureties of plaintiff an undertaking in not less than double the value of the property as stated in the affidavit, to the effect that the plaintiff will prosecute the action and pay all costs and damages which may be awarded against him, and, if the property be delivered to him, that he will return the same to the defendant if a return be adjudged. It is then, as we see, upon an oath and a bond that plaintiff secures possession of the property. Yet this possession is not unqualified so far as the defendant is concerned, for the statute provides him a speedy remedy (section 159, art. 10, c. 66, par. 4357, Wilson's Rev. & Ann. St. 1903), in that the sheriff who takes the property may, within 24 hours after levy, accept from him a bond with approved sureties in double the value of the property as stated in the affidavit of plaintiff, and the property is again returned to the defendant. This then appears to be the statutory method whereby defendant, if he desires, may secure speedy and prompt relief and again recover his property if wrongfully taken from him or a false affidavit or otherwise. It is true that a motion, as is contended for by defendant in error, is a request addressed to a court or judge for an order, and that relief in certain actions mentioned by him may be secured through the office of such a process; but replevin does not appear to be among these, and we find in the statute no warrant for its exercise in the situation here presented. That informalities and defects in the affidavit wherein it departs from the requirements of the statute may be reached by motion is held by many authorities; but the truthfulness of the affidavit may be assailed by the defendant only when he comes to make an answer.

The order of the county court is, accordingly, reversed.

Kane, C. J., and Turner and Hayes, JJ., concur; Williams, J., not participating.