## BILBY et al. v. HALSELL.

No. 14913—Opinion Filed Dec. 30, 1924.

1. **Pleading—Original Reply as Applicable to Amended Answer and Cross-Petition.**

Defendants filed answer and cross-petition to the petition, and plaintiff traversed the same by answer or reply. Defendants, by leave of court, withdrew the answer and cross-petition and filed an amended answer and cross-petition, which, in substance, stated the same facts as the first answer and cross-petition. The plaintiff stood upon his answer or reply without refiling the same. Held, the original answer or reply to the answer and cross-petition may be treated as a plea to the amended answer and cross-petition.

2. **Evidence—Best Evidence—Proof of Payment of Taxes.**

Section 654, Comp. Stat. 1921, is not exclusive in the matter of proof of all transactions connected with county treasurer's office. A certificate of redemption describing the land and stating the amount of delinquent tax for which the land sold, together with interest and expenses connected with the sale and the redemption, and stating that same was paid, and signed by county treasurer with seal attached, is admissible to prove amount due on account of delinquent tax against the land and the same was paid by the party in whose favor it was made. Likewise a tax receipt signed by the county treasurer, describing the property taxed and stating the equalized value and amount appropriated to the state, county, township, or municipality and the school district, with any interest or penalty due, is prima facie proof of the amount of tax due, and that the same was paid by the party in whose favor it is given.

3. **Appeal and Error—Discretion of Trial Court—Continuance.**

A motion for continuance is addressed to the sound judicial discretion of the trial court, and the ruling made on such motion will not be disturbed on appeal without it is made to appear it was an abuse of discretion.

4. **Covenants—Recovery for Breach—Attorney's Fee.**

In an action for breach of warranty in a deed, where plaintiff obtains judgment, a reasonable attorney's fee may be awarded as provided in section 5264, Comp Stat. 1921.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Wagoner County; Enloe V. Vernor, Judge.

Action by Edd Halsell against Russell I. Bilby and Nicholas V. Bilby for breach of warranty in deed. Judgment for plaintiff, and defendants appeal. Affirmed.

W. O. Rittenhouse and John C. Graves, for plaintiffs in error.

E. L. Kirby, for defendant in error.

Opinion by THREADGILL, C. Plaintiffs in error were defendants and defendant in error was plaintiff in the trial court and, for convenience, they will be referred to herein as they were there.

Plaintiff brought suit against defendants on a covenant of warranty in a deed which was in the usual form and among other items warranted the title against all taxes, the only exceptions being a mortgage for purchase price and existing leases. A copy of the deed was attached to plaintiff's petition. Plaintiff claimed and alleged that at the time the deed was given there were taxes due and unpaid, against the lands conveyed, for the years 1911 to 1920, inclusive, in the sum of $436.66. The deed was

made January 7, 1921. The petition states that plaintiff was compelled to pay the taxes and the defendants failed to repay him the said amount, and he asked judgment for $436.66 and interest from February 11, 1921, and for attorney's fee in the sum of $100.

Defendants filed answer and cross-petition, consisting of a general denial, and stated that they were the owners of the land described in the deed, prior to February 7, 1921; that they, through their agent, one Kelley Gibson, conveyed the land to the plaintiff in consideration of other land: there was no money consideration at the time. It was the understanding between the plaintiff and defendants that the plaintiff was to accept the lands, and did accept the lands deeded, subject to the then existing taxes against the same; that this agreement was by mistake not inserted in the deed, as it should have been, to express the intention and the understanding of the parties; that there was no breach of warranty and the deed should be corrected by inserting the words, "subject to all existing taxes against said above-described real estate at the time of making this conveyance." They asked for correction of the deed to speak the intention of the parties and for their costs.

The plaintiff filed answer to the cross-petition, consisting of a general denial, and admitting that the land transaction was had through the agency of Kelley Gibson, and stating that the deed was prepared by the defendants and there was no mistake in its language or oversight or omission in the covenant of warranty as alleged by the defendants.

On March 20, 1922, the defendants, by leave of court, withdrew their answer and cross-petition and filed what they designated their amended answer and cross-petition, consisting of a general denial, and, by further answer and cross-petition, they alleged that they were the owners of the lands conveyed, prior to January 7, 1921, just as they stated in the answer and cross-petition withdrawn. They further stated that the land transaction between them and the plaintiff was through one Kelley Gibson, as broker and agent for them, in exchanging lands with the plaintiff, which was in substance the same as stated in the answer and cross-petition withdrawn. They stated, further, that the true consideration, for the lands they conveyed to the plaintiff, was land deeded by the plaintiff to them and the further consideration on the part of plaintiff that he would assume and pay all the taxes then due and assessed against the

land so conveyed by them, which was, in substance, the same as alleged by them in the answer and cross-petition withdrawn. The wording of the amended answer and cross-petition was a little different from the wording of the answer and cross-petition withdrawn, but the substance of both was the same.

Plaintiff did not withdraw his answer to the cross-petition of the defendants, nor was it refiled in the record, nor did the plaintiff file an amended answer to the amended answer and cross-petition of the defendants. The cause was set for trial April 17, 1923, but to suit the convenience of counsel for defendants, and, by agreement, the cause was passed until April 19, 1923. On April 24th the cause was set for trial April 30, 1923. On May 1, 1923, the cause was called for trial, the plaintiff and his counsel being present and counsel for defendants being present and representing them, but they were not present themselves. Counsel for defendants asked for a continuance on the ground that Nicholas V. Bilby, one of the defendants, was an important witness in the case and the only witness he could prove the fact of the true consideration in the land transaction by, and that he was unable to attend court at that time; that he was attending to business on his ranch in Texas, had gone there from the city of Wagoner about April 17th, and had not received notice of the setting of the case for trial on May 1st. The plaintiff objected to the continuance on the ground that the issues had been made up in the case since January 10, 1922, and that the case had been set for trial on May 1st at the request of counsel for defendants. The court overruled the motion for continuance, and defendants excepted. Defendants then moved the court for judgment on the pleadings on the ground that their last amended answer and cross-petition was not traversed by any plea on the part of plaintiff. The court overruled the motion, and the defendants excepted. The cause was tried to the court upon the evidence of the plaintiff and without any evidence on the part of defendants, and the court rendered judgment in favor of the plaintiff for the amount sued for on the breach of warranty and $150 attorney's fee, and defendants appealed by petition in error and case-made, alleging six assignments of error.

1. Defendants contend, in the first place, that the court committed error in overruling their motion for judgment on the pleadings. This contention is based upon the fact that plaintiff did not refile his answer or file an amended answer to de-

fendant's amended answer and cross-petition. We cannot see any merit in this contention, for the reason the amended answer and cross-petition stated substantially the same defense and asked for the same relief as stated and asked for in the first answer and cross-petition. Counsel for plaintiff calls our attention to the general rule of pleadings in such case as stated in 31 Cyc. page 460, which is as follows:

"A plea to the original declaration will be treated as a plea to an amended declaration if applicable and responsive thereto."

Also to the following cases which support the rule: Clark v. Ohio River R. Co., a West Virginia case, 20 S. E. 696; Knips v. Stefan et al. (Wis.) 6 N. W. 877; Kelly v. Blish (Wis.) 11 N. W. 488; Yates v. French et al., 25 Wis. 661.

This last case discusses the history of the rule and states it was the common-law rule. We have no statute in derogation to the rule as above stated, and, under section 4642, Compiled Statutes 1921, the common-law rule would be applicable to the case at bar.

Counsel for defendants cited two Oklahoma cases in support of their contention: Atchison, T. & S. F. Ry. Co. v. Lambert, 32 Okla. 679, 123 Pac. 428, and Baker v. L. C. Van Ness & Co., 25 Okla. 37, 105 Pac. 660. These cases are applicable and controlling where there is no traverse to the answer or cross-petition, but they are not applicable to the case at bar, for the reason that there was a traverse to the answer and cross-petition of the defendants, which applied to the amended answer and cross-petition under the common-law rule above stated. We think the court was correct in overruling the motion for judgment on the pleadings.

2. In the next place defendants contend that the evidence was not sufficient to support the judgment. Plaintiff, in making out his case, introduced his tax receipts and two certificates of redemption signed by the county treasurer and under his seal to show the amount of taxes paid against the lands, and the same were admitted over defendants' objections and exceptions. The ground of the objections seems to have been that they were not the best evidence, not being within the purview of section 654, Comp. Stats. 1921. We cannot agree with counsel on this contention. This section is not exclusive in the matter of proof of all transactions connected with the county treasurer's office. A certificate of redemption describing the land and stating the amount of delinquent tax for which the land sold, together with the interest and expense connected with the sale and the redemption,

and stating that the same was paid and signed by the county treasurer with seal attached is admissible to prove the amount due on account of delinquent tax and that the same was paid by the party in whose favor it is made; likewise a tax receipt signed by the treasurer and describing the property taxed and stating the equalized value and the amount appropriated to the state, county, township, or municipality, and school district, with any interest or penalty due, is prima facie proof of the amount or tax due and that the same has been paid by the party in whose favor it is given. This holding is not in conflict with the above section of the statute and there is no good reason why the redemption certificates and the tax receipts introduced as evidence in the case at bar were not sufficient to prove the amount of taxes due and paid by the plaintiff as alleged in his petition. We think this holding is in accord with the principles laid down in the following cases cited by counsel for plaintiff. Elston et al. v. Kennicutt et al. 46 Ill. 199; Stumpf v. Osterhage, 111 Ill. 82; Gage v. Hampton, 127 Ill. 87, 2 L. R. A. 512; 22 C. J. page 1138, N. 30; Halsey v. Blood, 29 Pac. 319.

We cannot see how the case of Noble et al. v. Douglas, a Kansas case, 42 Pac. 328, cited by counsel for defendants, could be applied to the case under consideration. The book of stubs of tax sale certificates, offered in evidence in that case, without being signed by the county treasurer, bears no resemblance to the certificates of redemption and the tax receipts offered in evidence in this case.

Defendants further complain of the action of the court in overruling their motion for a continuance. They say the principal issue involved was the matter of the consideration, and contend that it was agreed between the parties, at the time the deed was made to the land, that the plaintiff should assume and pay the taxes against it and the only witness by whom they could prove this fact was the defendant Bilby, and, if he were present, he would so testify. They state in the motion that he went away from the county about the 17th of April to his ranch in Texas. It seems from the record that the court was in session at that time and the case was set for trial.

The motion does not show what urgent business called the defendant away nor does it show what time he was expected to return. The motion was not sufficient to show diligence on the part of the defendant, as we view it, and, it being a discretionary matter with the court, we do not think

there was any error committed in overruling the motion. If the witness had been present and ready to testify, as claimed by the application for continuance, we do not think the testimony would have been admissible, as the same would have been an attempt to prove a change of the terms of the written warranty in the deed. Mandlin v. Starks et al., 35 Okla. 809, 131 Pac. 912; 7 R. C. L., under the head of Covenants, section 128; Long v. Molar, 5 Ohio St. 271, page 273; Simanovich v. Wood (Mass.) 13 N. E. 391; Stanisics v. McMurtry et al. (Neb.) 90 N. W. 884; Share v. Anderson (Pa.) 10 Am. Dec. 421.

4. In the fourth place defendants say that the court should not have allowed attorney's fees. They did not complain of the amount, but of allowing anything, they say the facts in the case do not come within either the spirit or the letter of section 5264, Comp. Stats. 1921, being the only statute providing for attorney's fees in breach of warranty cases. Counsel do not cite any authority and do not give us any reason for their opinion that this section does not apply to attorney's fees in this case.

We think the language of the statute is clearly against the contention they express on this point and we think the judgment of the court for attorney's fees in the case was fully warranted under this section.

Finding no error in the record, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. p. 460; (2) 22 C. J. p. 809; (3) 13 C. J. p. 123, 4 C. J. p. 809; (4) 15 C. J. p. 1333.