McCONNELL et al. v. GOUCHER et al.

No. 29693.    Oct. 29, 1940.

Rehearing Denied Dec. 24, 1940.

*108 P. 2d 174.*

294

Frank Petree, of Altus, for plaintiffs in error.

J. M. Williams, of Altus, for defendants in error.

NEFF, J. The defendants executed and delivered to plaintiffs a deed conveying land in Texas, the parties thereto being in Oklahoma. It contained the usual covenants of seizin, right to convey, and warranty.

When the deed was executed there was a tenant occupying the land under an arrangement with defendants. Plaintiffs, grantees, executed a contract with him whereunder he obtained the right to remain in possession until the end of the year. When the tenant vacated he removed and took with him three small houses which he had erected on the premises under a contract with the defendants, prior to the deed, which agreement permitted his removal of the houses upon the expiration of his tenancy. No litigation was had between the plaintiffs and the tenant concerning the houses.

The plaintiffs thereafter sued the defendants for damages in the proportionate amount of the value of the three small houses thus removed. Judgment in the trial court without a jury was for plaintiffs, and the defendants appeal.

The defendants first urge that the action was local, rather than transitory; that it should have been brought in the county in Texas where the land was located, and that therefore the trial court in this action, in Oklahoma, had no jurisdiction. Since the evidence shows that the tenant had the right to remove the houses, which were treated by him and defendants as personal property, under a written contract between him and the defendants, and since the grantor defendants failed to except the buildings from their deed, the action was one for damages resulting from the breach of covenant of seizin, or of right to convey. 11 R.C.L. 1091.

The covenant of seizin and right to convey is deemed to be personal (7 R.C.L. 1105, 1133), and an action upon personal covenants by one of the original parties thereto is transitory. 21 C.J.S. 869, 989, and cases cited. It follows that the action was properly brought in the county in which the defendants resided or could be served with summons. Section 117, O. S. 1931, 12 Okla. St. Ann. § 139.

The defendants next contend that the trial court erred in computing the damages. In this connection they say that the trial court permitted the plaintiffs to prove the value of the buildings by a written statement or estimate of persons who were not used as witnesses, which estimate was of the cost of lumber and material necessary to replace the buildings. The more proper method of ascertaining the damage would have been to determine the value of the buildings in relation to the value of the whole property. Section 9967, O. S. 1931, 23 Okla. St. Ann. § 25. One of the plaintiffs, however, did testify concerning said value. It is said that when he so testified he was merely giving an opinion which others had given him, and that he was not qualified. However, his testimony was not objected to in this connection, and in such case we are not disposed to reverse for the reason assigned. Insofar as the written estimate of the persons not present in court is concerned, the admission of such statement was error. Not every error, however, calls for reversal. The adjudicated value of the houses, viewing the whole record, appears to be the approximate value anyway, under any theory. From our study of the case we are convinced that a lesser sum could not be found to be the value on a retrial, and that a reversal for the error noted would not be justified.

The trial court allowed an attorney's fee to the plaintiffs, and entered judgment therefor against defendants. The question now arises whether in such an action an attorney's fee is recoverable. The assessment of an attorney's fee is not authorized in the absence of statute so permitting, or unless it is promised by contract.

The question to be considered is whether an attorney's fee in an action of the present kind is recoverable, under section 9687, O. S. 1931, 16 Okla. St. Ann. § 24, or whether, on the other hand, the case is governed by section 9967, O. S. 1931, 23 Okla. St. Ann. § 25. The former section permits recovery of a reasonable attorney's fee, while the latter does not. Despite a former pronouncement that the statutes are in conflict, we are of the opinion upon closer analysis that they are not, and that they relate to different situations.

In order to make the matter clear, it will be necessary to construe section 9687, O. S. 1931, 16 Okla. St. Ann. § 24 (permitting attorney's fee) in connection with the sections preceding and following it. It will be seen that they apply to a situation where an action has been brought by some third party against the grantee, and the grantee notifies the grantor to defend his warranty, or where such action by a third party against the grantee is pending, and the grantor intervenes and applies to defend his warranty. Section 9686, O. S. 1931, 16 Okla. St. Ann. § 23, reads:

"In all cases where an action is brought against a grantee to recover real estate conveyed to him by warranty deed he must notify the grantor, or person bound by the warranty, that such suit has been brought, at least twenty days before the day of trial, which notice shall be in writing and shall request such grantor or other person to defend against such action; and in case of failure to give such notice there shall be no further liability upon such warranty, except when it is clearly shown that it was impossible to make service of such notice."

The next section, 9687, O. S. 1931, 16 Okla. St. Ann. § 24, the particular section in question, reads:

"Where any grantor applies in any action to defend his warranty or fails to appear after due notice, the court shall determine all the rights of all the parties, and in case the recovery is adverse to the warranty, the warrantee shall recover of the warrantor the price of the land paid for the conveyance at the time of the warranty, the value of all improvements lost, if any, and all sums necessarily expended, including a reasonable attorney fee, and interest at the rate of ten per centum per annum on all sums so paid from the time of payment."

The section immediately following, being section 9688, O. S. 1931, 16 Okla. St. Ann. § 25, reads:

"If a warrantor or other person bound by a warranty shall fail to appear and defend after due notice as above provided, the warrantee may defend the action and recover in a separate suit all sums expended the same as he might do in the same suit, as provided in this act."

As stated heretofore, it clearly appears from the wording and arrangement of the foregoing sections that section 9687, supra, is applicable to a situation where an action is brought against a grantee to recover real estate or some part thereof, which has been warranted by his grantor, whereupon he either notifies the grantor to appear and defend, or the grantor appears voluntarily. And section 9688, supra, permits a separate suit against the grantor who has been given said notice and has failed to appear and defend the warranty.

Turning now to section 9967, O. S. 1931, 23 Okla. St. Ann. § 25, within the chapter on damages, we read:

"The detriment caused by the breach of a covenant of seizin, of right to convey, or warranty, or of quiet enjoyment, in a grant of an estate in real property, is deemed to be:

"1. The price paid to the grantor, or, if the breach is partial only, such proportion of the price as the value of the property affected by the breach bore, at the time of the grant, to the value of the whole property.

"2. Interest thereon for the time during which the grantee derived no benefit from the property, not exceeding six years; and,

"3. Any expenses properly incurred by the covenantee in defending his possession."

It appears to us that section 9967 is the ordinary measure of damages for the breach of the covenants therein named, but that the Legislature deemed it expedient to prescribe a somewhat more severe form or measure of damages, under section 9687, supra, and its accompanying sections, in instances where the grantee has been sued and has had to defend, in some action brought against him by a third party, by reason of the fault of the grantor.

We are of the opinion that these sections are not in conflict, and the pronouncement to that effect in Hines v. Harmon, 178 Okla. 1, 61 P. 2d 641, is overruled. That case is correct, however, in permitting attorney's fees, because it properly came within section 9687, supra, the grantee having been sued by a third party. The 4th syllabus of Bilby et al. v. Halsell, 105 Okla. 215, 232 P. 379, and the portion of the opinion relating thereto, is likewise overruled, since that was a simple action by the grantee against the grantor for the recovery of the amount of taxes warranted paid by the grantor.

It is apparent that the present case does not contain the extraordinary circumstances contemplated by and bringing it within the section permitting attorney's fees, 9687, supra. It is a simple damage action, not containing the facts necessary to invoke the section permitting recovery of such fees.

The judgment is affirmed except for that portion awarding attorney's fee to the plaintiffs, which portion is reversed, and the cause is remanded, with directions to enter judgment in accordance with the views expressed herein.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, GIBSON, HURST, and DAVISON, JJ., concur. RILEY and CORN, JJ., absent.