## BOARD OF COUNTY COM'RS OF SEMINOLE COUNTY et al. v. GRIFFITH REALTY CO.

No. 34670.    Oct. 30, 1951.

*237 P. 2d 144.*

Jack Scott, Co. Atty., and Roger W. Butner, Asst. Co. Atty., Seminole County, Wewoka, for plaintiffs in error.

Horsley, Epton & Culp, Wewoka, for defendant in error.

GIBSON, J.    Defendant in error, as plaintiff in the trial court, filed its petition alleging that it was the owner of certain real estate in the town of Maud; that defendants claimed some lien thereon, the exact nature of which was unknown to plaintiff but that said claim constituted a cloud on plaintiff's title.   On information and belief plaintiff further alleged that defendants' claim arose by virtue of alleged unpaid ad valorem taxes for certain years but that plaintiff had paid all taxes legally assessed against it.   It is further alleged that the tax rolls for the years in question had become mutilated and are so illegible that bonded abstracters cannot and will not certify the tax status for said years; that certain contiguous real estate owned by others had been included with plaintiff's property and so assessed and extended on the tax rolls resulting in double taxation of plaintiff's property and constituting a cloud upon plaintiff's title.

A tender was made of any tax which the court might find to be a valid and legal tax on plaintiff's property.

Defendants denied that the full amount of taxes assessed and due had been paid, and further alleged that any judgment or order of any court purporting to cancel assessments originally made for said years and directing a reassessment of the property was void and without legal effect, and that any taxes paid for the years 1932, 1933, 1934, were paid on such illegally reduced assessments and did not constitute a full payment of taxes legally assessed against plaintiff's property.

Taxes for the years 1920 and 1921 were involved in the case, but during the trial plaintiff produced tax receipts showing taxes paid for those years, and it was conceded that they were not subject to challenge.

In its judgment the trial court found that it had jurisdiction of the action

and found generally all issues in favor of plaintiff. It specifically found that all ad valorem taxes levied and assessed against the property for the years 1932, 1933, and 1934, had been fully paid and the liens therefor completely discharged and plaintiff's title to its property was quieted as to all claims, liens and demands of the county. This judgment was sustained by the evidence. The plaintiff put in evidence tax receipts which showed payment of all taxes for the years in question. These tax receipts were regular in form, signed by the county treasurer, describing the property, stating the equalized value and the amount appropriated to the several municipalities. They constituted prima facie proof of the amount of tax due and there is a presumption that the county treasurer faithfully and completely performed his legal duties with reference to the issuance of the same. Bilby v. Halsell, 105 Okla. 215, 232 P. 379; Fitzgerald v. Brady, 166 Okla. 21, 25 P. 2d 1090; Chelsea Gin Co. v. Choctaw Cotton Oil Co., 177 Okla. 142, 57 P. 2d 597.

At the time of the trial the Continuing Tax Roll of Seminole county showed there were no taxes due for the years in question.

"The 'Continuing Tax Roll Record' required in Section 1 hereof is hereby made an official record of the offices of the several County Treasurers of the Counties of Oklahoma, and said record shall be conclusive record as to the status of all back taxes at all times except in cases of conflict between such record and an official tax receipt, in which such cases, the official tax receipt shall prevail." 68 Okla. Stat. Ann. §192.

"The legislative intent is hereby declared to be that all back taxes on all lands and real estate shall be shown on a single record; and to require the County Treasurers of the several Counties of Oklahoma to extend such record from time to time as subsequent assessments become delinquent so that at all times a single record will disclose the true status of all back taxes." 68 Okla. Stat. Ann. §195.

The general finding of the trial court was a finding sustaining the allegation of plaintiff's petition that the tax rolls for said years have become mutilated and are so illegible that they cannot be verified. We have examined the photostatic copies of the rolls appearing in the record, and find that they constitute substantial evidence tending to sustain the allegations of plaintiff's petition. The tax records being in such condition constituted a cloud on plaintiff's title and equity jurisdiction was properly involved to give plaintiff a plain, speedy and adequate remedy, since it had no such remedy at law.

"If the tax is a lien upon lands, it may then constitute a cloud upon the title; and one branch of equity jurisdiction is the removal of apparent clouds upon the title, which may diminish the market value of the land, and threaten a possible loss of it to the owner." Cooley on Taxation (4th Ed.) vol. 4, §1643, p. 3307.

"Objection to equity jurisdiction on the ground of adequate remedy at law, if not obvious, may be treated as waived if the objection is not presented by the defendant in limine." Matthews v. Rodgers, 284 U. S. 521, 76 L. Ed. 447.

In the case before us no objection to the jurisdiction of the trial court was raised. In fact, both parties prayed an adjudication of the tax liability. Defendants further prayed that a lien on the real estate be impressed for any unpaid taxes found to be due. The trial court had jurisdiction of the parties and the subject matter of this action.

In the trial court defendants introduced a certain judgment, No. 2605 of the superior court of Seminole county, which was a suit filed by a party other than the plaintiff and in which this plaintiff was not a party. Proof was that the files in that case were lost with the exception of the judgment. The judgment recited that the court had jurisdiction and it was held that the taxes on this property for the three years in question were arbitrary and excessive and they were canceled. It was further ordered that the county

assessor should reassess the property, and defendants contend that the taxes above mentioned as paid by plaintiff were on the reduced reassessment ordered by the superior court. A major portion of defendants' brief is devoted to a contention that the judgment in case No. 2605 was void. Defendants admit that it is making a collateral attack on that judgment, but say that the judgment is void on its face and can be attacked at any time. It is said that the judgment is void because the superior court had only jurisdiction to consider an appeal from the county board of equalization and did not have original jurisdiction. With the judgment roll missing we cannot agree that the judgment is void on its face. We cannot say precisely what issues were presented. The superior court specifically held that it had jurisdiction.

Defendants cite Fitzsimmons v. Oklahoma City, 192 Okla. 248, 135 P. 2d 340. In that case we said:

"There are three jurisdictional prerequisites to any valid judgment, (1) jurisdiction of the parties, (2) jurisdiction of the general subject matter, and (3) jurisdiction or power to render the particular judgment; and a judgment of a court of general jurisdiction will not be declared void so as to be subject to collateral attack unless an inspection of the judgment roll discloses the absence of one of said jurisdictional prerequisites."

The judgment in question has become final.

"A finding of the jurisdictional facts in a judgment against a municipality is conclusive in a collateral attack upon such judgment attempting to again put such facts in issue." Mid-Continent Pipe Line Co. v. Seminole County Excise Board, 194 Okla. 40, 146 P. 2d 996.

"Error in determination of questions of law or fact on which the court's jurisdiction in particular case depends, the court having general jurisdiction of the cause and of the person, is 'error in exercise of jurisdiction' and affords no ground for collateral attack." Burgess v. Nail, 103 F. 2d 37.

The judgment in case No. 2605 was not subject to a collateral attack in the case before us. There is competent evidence to sustain the judgment of the trial court in the instant case.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.