Ruhl D. CUTRIGHT and Martha Cutright,
Plaintiffs in Error,

v.

W. S. RICHEY et al., Defendants
in Error.
No. 36267.

Supreme Court of Oklahoma.

July 5, 1955.

See also 208 Okl. 413, 257 P.2d 286.

Ralph D. Smith, Cordell, for plaintiffs in error.

Jones & Wesner, Cordell, for defendants in error.

ARNOLD, Justice.

This is an appeal from an order of the District Court of Washita County sustaining a special appearance and plea to the jurisdiction of the court to hear and determine a petition for damages for breach of warranty.

In 1938 one Richey and his wife, owners of a certain 160-acre tract of land, sold an undivided one-half interest in the minerals; thereafter, in 1941, a subsequent grantee of a portion of said one-half of the minerals so conveyed filed of record a quit claim deed conveying a 30-acre mineral interest to the "record title holder"; thereafter, in 1946, the Richeys conveyed to Cutright and his wife by warranty deed said 160-acre tract, which deed recited that an undivided one-fourth interest in the minerals was retained by grantors, in addition to the undivided one-half interest which had theretofore been conveyed; thereafter, in 1949, the Richeys commenced cause No. 7428 in the District Court of Washita County seeking to reform the warranty deed to the Cutrights so as to convey only the surface and an undivided one-fourth of the minerals and to quiet their title to the 30-acre mineral interest above mentioned. This cause was tried and judgment entered awarding the contested 30-acre mineral interest to the various mineral interest owners at the time of the recording of the quit claim deed thereto in the proportions that their interest bore to the whole interest. Appeal was taken to this court, being cause No. 35287, and on April 21, 1953, this court rendered its opinion reversing the trial court and determining that the entire 30-acre mineral interest passed under the warranty deed from Richey to Cutright. Mandate was issued remanding the cause to the trial court with instructions to take such further action as might be in accord with right and justice and said opinion. Thereupon the Cutrights filed a motion in the trial court to spread the mandate of record and for judgment for costs on appeal, casemade, briefs, and attorney's fee; at the same time the Cutrights filed in said cause a petition alleging that the adverse claim of the Richeys to the controversial 30-acre mineral interest constituted a breach of their warranty and asking for damages for such breach, consisting of the costs of appeal, casemade, briefs, and attorney's fee of $650. No summons was issued on the petition. When the matter came on for hearing on motion to spread mandate of record, the Cutrights introduced evidence as to the amounts expended by them on casemade, costs, printing briefs, and that a reasonable attorney's fee in the matter would be $650. At this point the attorney for the Richeys stated that if the hearing was being had on the petition for breach of warranty, he wanted to appear specially to object to the jurisdiction of the court for the reason that same was a separate cause of action from that in the original case and no summons had been issued; the court stated that if the Cutrights were seeking to tax additional costs, other than those taxed by the Supreme Court, the motion would be sustained, and entered judgment accordingly.

The Cutrights bring this appeal from that judgment, contending that the court erred in ruling that it was without jurisdiction to hear the petition for breach of warranty because under 16 O.S.1951 §§ 22 and 24, where any grantor appears in any action to defend his warranty, or fails to appear after due notice, in case the recovery is adverse to the warranty, the warrantee shall recover all his damages including a reasonable attorney's fee, and this may be done either in the original action or in a separate action. In this connection they argue that under these sections it was not necessary to issue process; that the Richeys were already in court, because they had brought the suit in the first place; that the Cutrights could not plead breach of warranty until their right to the 30-acre mineral interest was determined in the original case, nor could they ascertain what their damages would be. They cite Harmon v. Nofire, 131 Okl. 1, 267 P. 650, to the effect

that a grantee is not required to file a cross-petition against his warrantor before judgment is entered against him in order to preserve his right to recover from his warrantor in the same action.

■ In McConnell v. Goucher, 188 Okl. 293, 108 P.2d 174, we pointed out that the two sections of the statutes upon which the Cutrights rely apply only to a situation where a third party brings an action against a grantee to recover real estate, and such grantee notifies the grantor and warrantor to appear and defend the warranty; that they do not apply to an action between a grantor and grantee; that in an action between a grantor and grantee the applicable statute is 23 O.S.1951 § 25, under which the detriment caused by breach of a covenant of seizin, of right to convey, of warranty, or of quiet enjoyment in a grant of real estate is defined to be the price paid to the grantor, with interest, plus any expenses properly incurred by the covenantee in defending his possession.

The case of Harmon v. Nofire, supra, cited by plaintiffs in error, is not in point because there the suit was brought by a third party against the grantee, and the grantee gave notice to his warrantor to come in and defend the warranty.

■ If the Cutrights have a cause of action for breach of warranty against the Richeys, which we do not here decide, they have it under 23 O.S.1951 § 25, supra, and they must bring a separate action therefor. Nowhere in the statutes or in our decisions can we find authorization for merely filing a petition in the same action without issuance of process. The trial court properly held that it had no jurisdiction to hear such petition.

Affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.